UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-1433-HEA |
| BUREAU INVESTMENTS GROUP PORTFOLIO, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Darnell Murphy for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Bureau Investments Group Portfolio, LLC.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Darnell Murphy filed this action on October 24, 2024 by filing a form "Civil Complaint" naming Bureau Investments Group Portfolio, LLC ("Bureau") as the sole defendant in this action. ECF No. 1. Plaintiff appears to limit his allegations to violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

2

Plaintiff's states he is a consumer who allegedly owes a debt to "Upgrade, Inc., on behalf of Blue Ridge Bank." ECF No. 1 at 1-4. When the debt went into default, plaintiff claims it was sold or transferred to defendant Bureau for collection. Plaintiff claims he disputed the debt to defendant; however, he continued to receive debt collection letters. He also complains that defendant communicated the debt to credit reporting agencies without informing them that the debt was disputed.

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to the FDCPA. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's allegations are sufficient for purposes of initial review, and will direct the Clerk of Court to issue process on defendant.

The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). Debt collectors cannot use false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. §§ 1692e.

The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). To state a prima facie case for a violation of the FDCPA, a plaintiff must allege: (1) the plaintiff is a consumer; (2) the defendant is a debt collector;

(3) the debt collector attempted to collect a debt; and (4) the debt collector violated the FDCPA in some manner. *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011). *See also Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010).

In this case, plaintiff alleges he is a consumer, defendant is a debt collector who has been attempting to collect a debt, plaintiff has disputed the debt, and defendant has communicated inaccurate and/or false information to him and to credit reporting agencies in an attempt to collect the debt. For purposes of initial review, the Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however unartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Clerk of Court will be directed to issue process on defendant as to plaintiff's FCDPA claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint at: The Bureaus, Inc., c/o Registered Agent Aristotle Sangalang, 650 Dundee Road, Suite 370, Northbrook, Illinois 60062.

Dated this 1st day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE